UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-20238 GAYLES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WILSON RAFAEL TOALA ALAY,

        Defendant.
_____/

# SENTENCING MEMORANDUM

## FACTUAL BACKROUND

The Defendant, WILSON RAFAEL TOALA ALAY ("Mr. Toala) is an Ecuadorian man with no prior record, who has been incarcerated since September 9, 2020 when he was placed in custody at sea.

Mr. Toala is a 26-year-old man and only went to the seventh grade. He comes from a poor socioeconomic background. As a child he was physical abuse by his father, resulting in him having problems with his vision. This caused him to have difficulties reading and caused him to leave school in the seventh grade.

His first job after he left school was construction work. He did this until he was 21. He had to find a different type of work because he injured his back. As a result of his injury, he started working as a fisherman. His income when he was arrested was approximately $380.00 a month or $89.00 a week. This income was not steady and some weeks he did not get paid.

1

He was recruited for this case to be a helper, a crewman, on the boat that transported the drugs. He had no authority to be in charge of anything on this boat. While incarcerated in FDC, he had been exposed to Covid –19 and been quarantined more than one time.

Mr. Toala has a partner in Ecuador, who together raise one child age of 14. She continues to support him.

## SENTENCING MEMORANDUM

## 18 USC § 3553(a) FACTORS and MOTION FOR VARIANCE

**The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection**.
The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant.
(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
   (B) to afford adequate deterrence to criminal conduct.
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(6) Disparity of sentencing

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Toala has no prior criminal history. He has no history of substance abuse. He continues to have the support of his family. *United States vs. Autery*, 555 fed 3d 864 (9 CIR 2009).

## MR. TOALA'S HEALTH PROBLEMS

Mr. Toala presently has problems with his visions that makes it hard for him to read. This problem resulted in him only reaching the seventh grade in school. He also has had gastritis since he has been incarcerated and has not received treatment to this point for that condition.

## CURRENT HARSH CONDITIONS OF CONFINEMENT DUE TO COVID-19 VIRUS AT FDC

The current conditions at FDC require him to be in his cell/quarters with one other cell mate for 20 hours a day. He can leave his cell/quarters for a few hours When he originally arrived at FDC he was in his cell for 23 hours a day. This was reduced to 22 hours a day and finally 21 hours a days before the current 20 hours a day. In total, Mr. Toala has been in quarantine approximately 37 days. To determine the just punishment for Toala, the Court must consider how Toala will serve his prison time. He will spend it in lockdown conditions similar to solitary confinement unless and until the BOP changes its lockdown requirements.

In the case of *United States v. Pressley* 345 F 3d. 1205 (11 Cir. 2003) the Eleventh Circuit upheld a downward departure based on a presentence confinement of six years of a 23 hour a day lockdown. In that case, the court gave a 50 % reduction to time spent in pretrial detention. The court found the length of pretrial confinement and the conditions of confinement extraordinary.

.

## DEPORTATION

The fact that Mr. Toala is going to be deported at the end of this proceeding means he will probably be in jail for more time that he would be if his sentence were a sentence of a person who is either a citizen or resident of the United States. He will spend additional time in immigration facilities, such as Krome, prior to his departure. He will not receive the benefit of any of the programs which the United States citizen or a resident alien would receive while in prison. He will not be eligible to go to a halfway house, thereby this sentence against him would increase the time that he spends incarcerated compared to a sentence served by a citizen or permanent resident. *United States v. Thavaraja*, 740 F.3d 253 (2 Cir 2004), *United States vs. Morales Uribe* 470 F.3d 1282 (8 Cir 2006). Also, since his family lives in Ecuador, it will be impossible for them to travel to the United States because of both economic and immigration visa reasons. He will have to do his prison time in the United States without ever seeing his family.

## CONCLUSION

18 U.S. Code §3553 directs the court to impose a sentence sufficient, but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the Defendant. The sentence should reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrent from criminal conduct and to protect the public from further crimes of the defendant. The guidelines are but one of many factors to be considered by the Court when imposing a sentence. Additionally, we ask the court to factor his medical condition, the

4

current conditions at FDC and BOP because of the COVID 19 virus, his deportation, as well as him not having a prior record in arriving at sentence sufficient but not greater than necessary to comply with the provisions of 3553 a.

We request any variance and leave it up to the sound discretion of the court.

**WHEREFORE,** Mr. Toala requests:

1.	That the court find the safety valve criteria met in this case as he has gic=ven statement to government.

2.	That the court award credit time served for the time the Mr. Toala spent in custody since the time he was picked up by the Coast Guard. .

3.	That the Court grant him a variance in its discretion to consider his medical condition and the conditions of pre-trial detention and incarceration, his deportation and his minor role in this case.

4.	That the court order medical treatment for his vision problems and gastroenteritis problems together with any vocational training available to him.

Respectfully submitted,

*Attorney for Defendant*
*Wilson Toala Alay*
*Leo Spitale Jr. P.A.*
Fla. Bar 338011
1607 Ponce De Leon Blvd, Suite 206
Coral Gables, Florida   33134
PH: (305) 446-3030
Email: leo@spitalelaw.com

BY:   /s/ Leonardo Spitale, Jr.
          Leo Spitale, Jr.

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by CM/ECF this 2 day of September 2021 to AUSA Robert Moore , 99 NE 4 Street Miami, Fl 33032.

By: /s/ Leonardo Spitale, Jr.
LEO SPITALE, JR., P.A.